**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

KENNETH MABS and TERRY MABS,
as husband and wife, and RICK
MICHALSON and CATHERINE BRICKER,
as husband and wife,

      Plaintiffs,

vs.

CELEBRITY CRUISES, INC.,
VACATION & TOUR CONSULTANTS
(ST. KITTS) LTD. d/b/a KANTOURS,
SKYLINE ZIPLINES LTD.,
SKY SAFARI TOURS, INC., SKYLINE
ECO-ADVENTURES, LTD., SACRE
CONSULTANTS d/b/a SACRE DAVEY
ENGINEERING, and FULTON
ENGINEERING, LTD.

      Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, KENNETH MABS and TERRY MABS, as husband and wife, and RICK

MICHALSON and CATHERINE BRICKER, as husband and wife, as and for their complaint

against CELEBRITY CRUISES, INC., VACATION & TOUR CONSULTANTS (ST. KITTS)

LTD., d/b/a KANTOURS SKYLINE ZIPLINES LTD.. SKY SAFARI TOURS, INC.,

SKYLINE ECO-ADVENTURES, LTD., SACRE CONSULTANTS d/b/a SACRE DAVEY

ENGINEERING, and FULTON ENGINEERING, LTD., allege:

**The Parties**

1.      At all times material hereto, Plaintiff, Kenneth Mabs, was an individual, citizen and resident of Illinois and was the spouse of Terry Mabs.

2.      At all times material hereto, Plaintiff, Terry Mabs, was an individual, citizen and resident of Illinois and was the spouse of Kenneth Mabs.

3.      At all times material hereto, Plaintiff, Rick Michalson, was an individual, citizen and resident of Ohio and was the spouse of Catherine Bricker.

4.      At all times material hereto, Plaintiff, Catherine Bricker, was an individual, citizen and resident of Ohio and was the spouse of Rick Michalson.

5.      At all times material hereto, Defendant, Celebrity Cruises, Inc. ("Celebrity") was a Liberian corporation with its principal place of business in Miami, Florida and was a common carrier of passengers for hire.

6.      At all times material hereto, Defendants, Vacation & Tour Consultants (St. Kitts) Ltd. d/b/a Kantours and Sky Safari Tours, Inc. (hereinafter referred to collectively as "Sky Safari"), were foreign corporations, maintaining their principal places of business in St. Kitts and/or Miami, Florida, and regularly conducting business in Miami, Florida.  Upon information and belief, Sky Safari were licensed under the laws of St. Kitts, and owned and were doing business as  zip line, shore excursion operators in St. Kitts.

7.      At all times material hereto, Defendants, Skyline Ziplines Ltd. and Skyline Eco-Adventures Ltd. (hereinafter referred to collectively as "Skyline Ziplines"), were corporate entities existing under the laws of Canada which built, designed, manufactured, installed, and inspected, and/or conducted training with respect to, the Sky Safari Zip Line Tour zip line

2

course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari, including specifically the Skyline Trolley and Catch-Block System.

8.      At all times material hereto, Defendant, Sacre Consultants d/b/a Sacre-Davey Engineering (hereinafter referred to as "Sacre-Davey Engineering"), was a corporate entity existing under the laws of Canada which assisted and/or built, designed, manufactured, installed, and/or conducted feasibility studies with respect to, the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

9.      At all times material hereto, Defendant, Fulton Engineering, Ltd. was a corporate entity which assisted and/or built, designed, manufactured, installed, and/or conducted feasibility studies with respect to, the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

### Jurisdiction and Venue

10.      This is an action involving the diversity of citizenship of the parties as more fully described herein and for damages in excess of $75,000.00.  In addition, there is a forum selection clause in the Plaintiffs' passenger cruise ticket with Defendant Celebrity, which calls for all lawsuits to be brought in the federal court for the Southern District of Florida.

11.     Defendant Celebrity is a common carrier engaged in the business of marketing, advertising, selling and operating a cruise line and the provision and sale of shore excursions out of various ports within the continental United States, including Ft. Lauderdale and Miami, Florida, San Juan, Puerto Rico, as well as other locations throughout the world, including St. Kitts.   Defendant Celebrity derives substantial revenues from the cruises originating and terminating in various ports of the State of Florida, including Ft. Lauderdale and Miami, and San Juan, Puerto Rico as well as from the sale of shore excursions which it advertises, markets and sells as part of the cruise voyages to its customers.

12.     At all times material hereto, Defendant Celebrity was the owner, operator, owner *pro hac vice* and/or otherwise in control of the vessel GTS CELEBRITY SUMMIT.

13.     At all times material hereto, the Sky Safari Zip Line Tour located in St. Kitts and the platforms, traverses, zip line harness, trolleys, safety mechanisms, braking and other equipment used in conjunction therewith, including but not limited to the Skyline Trolley and Catch-Block System, were offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by Defendant Celebrity from its headquarters in Miami, Florida as well as onboard the GTS CELEBRITY SUMMIT.

14.     At all times material hereto, the Sky Safari Zip Line Tour in St. Kitts, and the platforms, traverses, zip lines and braking systems used in conjunction therewith, were owned and/or operated by Defendant Sky Safari, including all equipment and employees related to and necessary for the operation of the excursion/tour.

15.     At all times material hereto, Defendant Sky Safari was engaged in the business of marketing, advertising, selling, and operating the Sky Safari Zip Line Tour in St Kitts.

4

Defendant Sky Safari derives its revenues by providing shore excursions/tours to cruise lines and their passengers from visiting cruise ships, like the Plaintiffs. Defendant Sky Safari markets and promotes its zip line tour service on its website, on which it details the safety of the zip line tour, including the braking system, along with customer testimonials.

16.     Notably, Defendant Sky Safari advertises that "our North American Engineered Cable System utilizing a cutting edge four-point paragliding harness, hands free braking and our patented **Skyline Trolley and Catch-Block System**, all certified to North American Amusement Park Standards." (Emphasis added). The 'Skyline Trolley and Catch-Block System' is designed and intended to "catch" each zip line rider at the end of the zip line, so that the rider does not propel backwards onto the line and away from the safety of the receiving platform.

17.     At all times material hereto, Defendant Sky Safari, either personally or through agents or representatives, including the Defendant, Celebrity, with whom it acted in concert to was operate, conduct, engage in and carry on business and/or business ventures in the State of Florida and/or the United States as a whole, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statute §§ 48.081, 48.181, and/or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure.

18.     At all times material hereto, upon information and belief, Defendant Sky Safari, either personally or through its agents and representatives, including the Defendant, Celebrity, with whom it acted in concert, was doing substantial and non-isolated business in the State of Florida and/or the United States as a whole, including the conducting of an ongoing business relationship with Defendant Celebrity and other cruise lines headquartered in Miami for

marketing and selling of recreational shore excursions/tours, including the zip line tour at the Sky Safari Zip Line Tour located in St. Kitts, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181 or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure. Defendant Sky Safari entered into contracts in Miami with Defendant Celebrity and other cruise lines as well as other entities within Florida and the United States.

19.    At all times material hereto, Defendant Sky Safari acting in concert with Defendant, Celebrity, marketed its shore excursions directly through Florida marketing representatives and/or partner and/or co-owner, Defendant Sky Safari, which promoted this shore excursion/tour in its literature, on its website and onboard its cruise ships for sale to passengers boarding its ships in Ft. Lauderdale, Miami and San Juan, Puerto Rico.

20.    At all times material hereto, and upon information and belief, Defendant Sky Safari entered into a contract with Defendant Celebrity with the intent of providing protection for Defendant Celebrity's passengers, including the Plaintiffs, whereby Defendant Sky Safari agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over itself, and consented to the venue of the Federal Court of the Southern District of Florida.  Defendant Sky Safari is believed to have also agreed to indemnify Defendant Celebrity for the claims made in the Complaint within the meaning of Florida Statutes § 48.193(d).  Furthermore, Defendant Sky Safari is subject to the jurisdiction of this Court because it sold and marketed tickets to the zip line tour conducted on the Sky Safari Zip Line Tour located in St. Kitts, which was administered both in Florida and in St. Kitts.

21.    At all times material hereto, Defendant Skyline Ziplines built, designed, manufactured, installed, and inspected, and/or conducted training with respect to, the platforms, traverses, zip line harness, trolleys, braking, and safety mechanisms for use on the Sky Safari Zip Line Tour in St. Kitts operated by Defendants Celebrity and Sky Safari, including but not limited to the Skyline Trolley and Catch-Block System.

22.    At all times material hereto, Defendant Skyline Ziplines, either personally or through agents or representatives, including the Defendant, Celebrity, with whom it acted in concert, was operating, conducting, engaging in and carrying on business and/or business ventures in the State of Florida and/or the United States as a whole, thereby subjecting itself the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statute §§ 48.081, 48.181, and/or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure

23.    At all times material hereto, upon information and belief, Defendant Skyline Ziplines, either personally or through its agents and representatives, including the Defendant, Celebrity, with whom it acted in concert, was doing substantial and non-isolated business in the State of Florida and/or the United States as a whole, including the conducting of an ongoing business relationship with Defendant Sky Safari with respect to the Sky Safari Zip Line Tour located in St. Kitts, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181 or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure. Defendant Sky Safari entered into contracts in Miami with Defendant Celebrity and other cruise lines as well as other entities within Florida and the United States.

24.     At all times material hereto, upon information and belief, Defendant Skyline Ziplines marketed its products and services, including but not limited to the 'Skyline Trolley and Catch-Block System,' directly through Florida marketing representatives and/or its website and/or through other digital means intended to reach the Florida market.

25.     At all times material hereto, Defendant Sacre-Davey Engineering assisted and/or built, designed, manufactured, installed, and/or conducted feasibility studies with respect to the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

26.     At all times material hereto, Defendant Sacre-Davey Engineering was engaged in the business of building, designing, manufacturing, installing, and/or conducting feasibility studies with respect to the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

27.     At all times material hereto, Defendant Sacre-Davey Engineering, either personally or through agents or representatives, was operating, conducting, engaging in and carrying on business and/or business ventures in the State of Florida and/or the United States as a whole, thereby subjecting itself the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statute §§ 48.081, 48.181, and/or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure

28.     At all times material hereto, upon information and belief, Defendant Sacre-Davey Engineering, either personally or through its agents and representatives, was doing

8

substantial and non-isolated business in the State of Florida and/or the United States as a whole, including the conducting of an ongoing business relationship with Defendant Sky Safari with respect to the Sky Safari Zip Line Tour located in St. Kitts, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181 or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure. Defendant Sky Safari entered into contracts in Miami with Defendant Celebrity and other cruise lines as well as other entities within Florida and the United States.

29.    At all times material hereto, upon information and belief, Defendant Sacre-Davey Engineering marketed its products and services directly through Florida marketing representatives and/or its website and/or through other digital means intended to reach the Florida market.

30.    At all times material hereto, Defendant Fulton Engineering, Ltd. assisted and/or built, designed, manufactured, installed, and/or conducted feasibility studies with respect to the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

31.    At all times material hereto, Defendant Fulton Engineering, Ltd. was engaged in the business of building, designing, manufacturing, installing, and/or conducting feasibility studies with respect to the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

32.     At all times material hereto, Defendant Fulton Engineering, Ltd., either personally or through agents or representatives, was operating, conducting, engaging in and carrying on business and/or business ventures in the State of Florida and/or the United States as a whole, thereby subjecting itself the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statute §§ 48.081, 48.181, and/or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure

33.     At all times material hereto, upon information and belief, Defendant Fulton Engineering, Ltd., either personally or through its agents and representatives, was doing substantial and non-isolated business in the State of Florida and/or the United States as a whole, including the conducting of an ongoing business relationship with Defendant Sky Safari with respect to the Sky Safari Zip Line Tour located in St. Kitts, thereby subjecting itself to the jurisdiction in this State under the Long Arm Statutes of Florida, including Florida Statutes §§ 48.081, 48.181 or 48.193 and/or pursuant to Rule 4(k)(2), Federal Rules of Civil Procedure. Defendant Sky Safari entered into contracts in Miami with Defendant Celebrity and other cruise lines as well as other entities within Florida and the United States.

34.     At all times material hereto, upon information and belief, Defendant Fulton Engineering, Ltd. marketed its products and services directly through Florida marketing representatives and/or its website and/or through other digital means intended to reach the Florida market.

35.     All conditions precedent to the filing and maintenance of this action have been performed, fulfilled, waived, or otherwise excused.

**<u>General Allegations</u>**

10

36.     On or about January 20, 2018, Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker, in consideration of the payment of a specified sum of money, received a ticket or tickets and boarded the GTS CELEBRITY SUMMIT in San Juan, Puerto Rico for a seven-day pleasure cruise.

37.     While on board the cruise, Plaintiffs purchased the subject Sky Safari Zip Lines Tour excursion located in St. Kitts from Defendant Celebrity, at the place and location on the cruise ship where Defendant Celebrity advertised and promoted shore excursions. Among other things, Defendant Celebrity advertised the excursion as including a "specialized zip line harness that offers a unique hands and feet free experience."

38.     On or about January 22, 2018, Plaintiffs, during the cruise, disembarked from the GTS CELEBRITY SUMMIT to participate in the Sky Safari Zip Line Tour shore excursion in St. Kitts. This excursion included shore transportation to and from the excursion activities site and consisted of 5 separate zip line platforms.

39.     During the tour at platform #1, Plaintiffs were included in the line of tour participants to zip line down the 'De Boss' zipline location. Plaintiff Kenneth Mabs was in line immediately before Plaintiff Rick Michalson.

40.      The 'De Boss' zip line is approximately 1,350 feet long and 1,000 feet above sea level and utilizes the "Skyline Trolley and Catch-Block System," designed, manufactured and/or installed by Defendant Skyline Ziplines. The 'Catch-Block' portion of the system is located at the receiving platform at the bottom of the zipline. When the rider reaches the end of the zipline (at which time he or she is travelling at a high-rate of speed), the 'Catch-Block' is

intended to pop open and close around the trolley to which the rider is attached. By catching the trolley, the 'Catch-Block' prevents the rider from being propelled back out on the zip line.

41.    At the 'De Boss' sending platform, Plaintiff Kenneth Mabs' trolley was attached to the zip line and he was sent down the approximately 1,350-foot line. When he reached the receiving platform, however, the 'Catch-Block' system malfunctioned by failing to close over the trolley. Plaintiff Kenneth Mabs was propelled backwards on the zip line and was left dangling in mid-air.

42.    Rather than waiting for the tour guide at the bottom platform to rescue Plaintiff Kenneth Mabs, disengage his trolley and clear him from the line, the tour guide at the sending platform released Plaintiff Rick Michalson *while Plaintiff Kenneth Mabs was still suspended in mid-air on the line, unable to move*. As a direct and proximate result, Plaintiff Rick Michalson smashed into Plaintiff Kenneth Mabs at a speed well in excess of 20 mph.

43.    Moreover, Defendant Sky Safari did not have proper medical/emergency equipment or medical personnel on site, which impeded and delayed the provision of medical care and patient transport following the mid-line collision.

44.    As a proximate result of the improper and dangerous operation of the zip line tour, the failure of the Catch-Block mechanism, and the lack of proper training, medical equipment and personnel, Plaintiffs Kenneth Mabs and Rick Michalson suffered severe and permanent injuries.  The entire incident happened in the presence of Plaintiffs Terry Mabs and Catherine Bricker, each of whom suffered psychological trauma as a result.

## Celebrity Cruises' Role and Right to Control

45.     At all material times, Defendant Celebrity was and is engaged in the business of providing cruise vacation experiences to the public.  The experience of recreational shore excursions at the various ports of call are an essential and integral activity of the cruises sold and advertised by Defendant Celebrity.  Defendant Celebrity organizes, promotes, advertises, vouches for and directly sells the shore excursions provided by employees, agents, servants, and/or representatives of Defendant Sky Safari.  Defendant Celebrity solicits, screens, selects, appoints, contracts with and partners with various excursion providers, including Defendant Sky Safari.  The shore excursions become a part of particular cruises and are described, marketed and advertised by Defendant Celebrity on its website and published literature, and provided directly to passengers, including Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker.

46.     Defendant Celebrity profits directly from the sale of shore excursions, taking and keeping a percentage of the shore excursion revenue.  The revenue from these excursions forms a significant portion of the overall revenue generated by Defendant Celebrity and is an integral portion of its business plan and model.

47.     At all times material hereto, Defendant Celebrity hired and/or utilized its employees, agents, representatives, crewmembers, and/or other agents to promote, market, coordinate, explain and directly sell excursions provided by Defendant Sky Safari.

48.     As part of its promotion of this significant portion of its business, Defendant Celebrity maintains a department at its headquarters in Miami, Florida devoted to developing, promoting, marketing, coordinating, explaining, selling, overseeing, supervising, auditing, tracking and monitoring these excursions, including Sky Safari Zip Line Tour in St. Kitts.

49.     Defendant Celebrity also maintains a department and/or specified group of employees and crewmembers on each of its ships, including GTS CELEBRITY SUMMIT, to promote, market, coordinate, explain, oversee, supervise and sell these excursions as well as to assist various tour operators, including Defendant Sky Safari, to carry out and perform these excursions, including the Sky Safari Zip Line Tour in St. Kitts.

50.     At all times material hereto, Defendant Celebrity derived substantial income from promoting, marketing, coordinating, directly selling and vouching for the quality and safety of excursions provided by Defendant Sky Safari.

51.     Defendant Celebrity, in an effort to persuade and convince its passengers to purchase shore excursions, makes representations in its literature, advertisements, promotional materials and onboard its vessels about the safety and security of the excursions by Defendant Sky Safari and other excursion providers, to include the Sky Safari Zip Line Tour in St. Kitts.

52.      As part of its efforts to persuade its passengers to purchase and partake in these excursions, Defendant Celebrity represents to its passengers, including Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker, that it regularly oversees, monitors, audits, tracks and inspects the operations of its tour operators, such as Defendant Sky Safari, both before and after it includes them as operators of tours which it promotes and sells to its passengers.

53.     As part of its efforts to persuade its passengers to purchase and partake in these excursions, including the Sky Safari Zip Line Tour in St. Kitts, Defendant Celebrity represents that it sets safety standards for tour operators, such as Defendant Sky Safari, to comply with carrying out the excursions it promotes and sells to its passengers.

54.     Defendant Celebrity, both before and after the January 20, 2018 cruise of the GTS CELEBRITY SUMMIT, made representations on its web page and promotional materials regarding its shore excursions, including the Sky Safari Zip Line Tour in St. Kitts.

55.     Defendant Celebrity Summit made these representations with the purpose and intent that passengers rely upon them.  Passengers, including the Plaintiffs, relied upon, to their detriment, these representations in choosing the cruise and the subject shore excursion, which they purchased directly from Defendant Celebrity in reliance upon the above referenced representations.

56.     Defendant Celebrity additionally participated in the operation of Defendant Sky Safari's zip line excursion in the following ways:

(a)     Defendant Celebrity made all arrangements for the subject excursion without disclosing to the Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(b)     Defendant Celebrity marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship whereby it offered, sold, provided information to and answered questions of passengers about the subject excursion without disclosing to Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(c)     Defendant Celebrity maintained an excursion desk on its ship whereby it offered, sold, provided information to and answered questions of passengers about the subject excursion without disclosing to Plaintiffs that the subject excursion was being run by another entity (and/or entities); and/or

(d)    Until the point that Plaintiffs left the dock at which GTS CELEBRITY SUMMIT was secured, the Plaintiffs' exclusive contact concerning the subject excursion was with Defendant Celebrity; and/or

(e)    Defendant Celebrity recommended to Plaintiffs to not engage in excursions, tours or activities that were not sold through Defendant Celebrity as Defendant Celebrity had no familiarity with other tours or their operations; and/or

(f)    Plaintiffs received a receipt exclusively from Defendant Celebrity for the purchase of the subject excursion; and/or

(g)    The fee for the excursion was charged to the Plaintiffs and collected from the Plaintiffs exclusively by Defendant Celebrity.

57.    Defendant Sky Safari, in an effort to persuade and convince passengers of cruise lines to purchase its excursions, made representations about the safety and security of the zip line excursions, to include the Sky Safari Zip Line Tour in St. Kitts.

**Damages**

*Compensatory Damages*

58.    As a direct and proximate result of the Defendants' negligence, Plaintiff, Kenneth Mabs, suffered severe and permanent injuries to his body and extremities, pain and suffering, disability, disfigurement, mental anguish, inconvenience, scarring, the loss of capacity for the enjoyment of life, loss of past earnings, impairment of his future earning capacity, and has incurred medical, nursing, life care, rehabilitation and hospital expenses in the past and will continue to incur such expenses in the future.  All of said damages and injuries are permanent and continuing in nature.

59.     As a direct and proximate result of the Defendants' negligence, and the injuries sustained by Kenneth Mabs on or about January 22, 2018 as aforesaid, Plaintiff, Terry Mabs, has been personally injured and has been deprived and will be permanently deprived in the future of the consortium of her spouse, Kenneth Mabs, all to Terry Mabs' damage, in a total amount to be established by proof at trial.

60.     As a direct and proximate result of the Defendants' negligence, Plaintiff, Rick Michalson, suffered severe and permanent injuries to his body and extremities, pain and suffering, disability, disfigurement, mental anguish, inconvenience, scarring, the loss of capacity for the enjoyment of life, loss of past earnings, impairment of his future earning capacity, and has incurred medical, nursing, life care, rehabilitation and hospital expenses in the past and will continue to incur such expenses in the future.  All of said damages and injuries are permanent and continuing in nature.

61.     As a direct and proximate result of the Defendants' negligence, and the injuries sustained by Rick Michalson on or about January 22, 2018 as aforesaid, Plaintiff, Catherine Bricker, has been personally injured and has been deprived and will be permanently deprived in the future of the consortium of her spouse, Rick Michalson, all to Catherine Bricker's damage, in a total amount to be established by proof at trial.

*Punitive Damages*

62.     The events causing injury in this case were committed with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.  As a result, punitive damages are appropriate.

## COUNT I
## NEGLIGENCE – CELEBRITY CRUISES INC.

63.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 above as though fully set forth herein.

64.     At all times material hereto, Defendant Celebrity owed a duty to the Plaintiffs to exercise reasonable care under the circumstances for the Plaintiffs' safety and to warn of dangers known to Defendant Celebrity in places where its passengers, including the Plaintiffs, were invited to and may reasonably be expected to visit.

65.     Defendant Celebrity breached its duty of care to the Plaintiffs by committing one or more of the following acts and/or omissions, including, but not limited to:

(a)     Failing to provide a safe excursion;

(b)     Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

(c)     Failing to provide and adequately inspect, investigate, screen, select and retain the services of its tour operator partner, Defendant Sky Safari, to insure it was operating and running a reasonably safe excursion;

(d)     Failing to adequately monitor, supervise, and audit the ongoing operations of its tour operator partner, Defendant Sky Safari, to insure it was using safe, proper and appropriate equipment, properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe excursion for its passengers participating in the Sky Safari Zip Line Tour in St. Kitts;

(e)     Failing to adequately warn the Plaintiffs of the dangers that would be encountered during the subject excursion;

(f)     Failing and/or allowing the excursion to proceed and/or continue under hazardous conditions which posed an unreasonable risk of injury to the Plaintiffs;

(g)     Assuring passengers, including Plaintiffs, that all aspects and conditions of the subject excursion were reasonably safe and appropriate for them when in fact they were not;

(h)     Failing to insure all necessary steps were taken for the Plaintiffs to safely participate in all aspects of the subject shore excursion;

(i)     Failing to adequately monitor, supervise and/or inspect its tour operator partner, Defendant Sky Safari, to insure that it employed reasonably safe means for passengers to participate in all aspects of the subject shore excursion;

(j)     Failing to promulgate, enforce and/or follow adequate policies and procedures for the inspection and monitoring of the subject excursion to insure proper equipment was used to allow for reasonably safe participation of all aspects of the subject shore excursion;

(k)     Failing to insure that properly trained and supervised persons operated the subject shore excursion;

(l)     Failing to insure that its tour operator partner, Defendant Sky Safari, had proper policies and procedures in place to insure passengers, including Plaintiffs, could reasonably safely participate in the subject excursion;

(m)     Having a shore excursion that was not competently or properly operated;

19

(n)     Failing to fulfill its duty to make good on its representations upon which it knew passengers would rely, including the above described promises and representations made in its literature, website and/or verbally to the Plaintiffs;

(o)     Failing to verify that the subject excursion was safe and reliable and properly insured;

(p)     Failing to implement a method of operation which was reasonable and safe and which would prevent the creation of dangerous conditions, such as the one in this case, and utilizing and/or allowing negligent methods of operation by its tour operator partner, Defendant Sky Safari;

(q)     Failing to promulgate and enforce appropriate safety rules for its tour operator partner, Defendant Sky Safari;

(r)     By creating an environment whereby passengers were deceived into believing that they were safe because they had purchased a Defendant Celebrity excursion ticket as opposed to making their own excursion plans;

(s)     By promoting to its passengers a false sense of security, regarding the risks of the excursion, the competency of its tour partner, and the safety of the excursion by its advertising, marketing and representations;

(t)     By failing to properly implement policies and procedures to track prior accidents, incidents or problems so that passengers could be properly warned of the danger posed to their health, physical and mental well-being by participating in the subject excursion;

(u)     By failing to follow its own safety and quality manuals (SQM) and/or terms of agreements, contracts, policies and procedures with regard to the subject excursion;

(v)     By failing to properly, adequately and competently test and/or audit the equipment used on the subject excursion;

(w)     By failing to mandate and enforce that the employees and/or agents involved in the excursion comply with Defendant Celebrity's policies and procedures relating to the health and safety of its cruise ship passengers;

(x)     By failing to mandate and enforce that its excursion partners, including Defendant Sky Safari, maintain qualified and competent personnel to perform its excursions, including the Sky Safari Zip Line Tour in St. Kitts;

(y)     By failing to ensure that its excursion partner, Defendant Sky Line, utilize appropriate safety protocols, including but not limited to safety protocols as it relates to communication between the sending and receiving guides at each zip line station, to ensure the safety of all participants, including Plaintiffs; as follows:

        (i)     Ensuring proper communication between the sending and receiving guides to ensure that the line was clear prior to the next participant being released from the sending platform

        (ii)     Ensuring that appropriate language and/or signals were utilized every time prior to any participant being released from the sending platform;

(z)     Failing to timely clear all participants from the receiving end of the zip line; and

(aa)     In other matters not yet known, but which will be uncovered in discovery.

21

66.     At all times material hereto, Defendant Celebrity failed to determine the hazards that the subject excursion posed to the Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate hazards, failed to modify the hazards and/or failed to properly warn the Plaintiffs, Kenneth Mabs and Rick Michalson, of the hazards. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

67.     Defendant Celebrity knew of the foregoing conditions causing Plaintiffs' accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Celebrity, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

<u>**COUNT II**</u>
<u>**NEGLIGENCE/GROSS NEGLIGENCE – SKY SAFARI**</u>

68.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 above as though fully set forth herein.

69.     At all times material hereto, Defendant Sky Safari owned and/or operated the subject excursion.

70.     Defendant Sky Safari owed a duty of reasonable care under the circumstances for the health, welfare and safety of those passengers of Defendant Celebrity participating in its excursion, such as Plaintiffs.

71.     On or about January 22, 2018, Defendant Sky Safari and/or its agents, servants, joint venturers, partners and/or employees, breached its duty to provide Plaintiffs, Kenneth Mabs and Rick Michalson, with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited:

(a)     Failing to provide a safe excursion;

(b)     Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

(c)     Failing to adequately train, monitor and supervise and subject excursion to insure it had all necessary equipment to allow for passengers to have reasonably safe means to participate in it;

(d)     Operating the excursion under hazardous conditions, which posed an unreasonable risk of injury to Plaintiffs;

(e)     Failing to warn Plaintiffs of the dangers and obstacles that would be encountered during the subject excursion;

(f)     Failing to adequately monitor, supervise and/or inspect the subject excursion to insure that it employed reasonably safe means for passengers to participate in all aspects of the subject excursion;

(g)     Failing to promulgate, enforce and/or follow adequate policies and procedures for the inspection, monitoring and supervision of the subject excursion to insure proper and safe equipment was used for the reasonably safe participation of all aspects of the subject excursion;

(h)     Failing to insure that properly trained and supervised persons operated the subject excursion;

(i)     Operating a shore excursion that was not competently operated;

(j)      Failing to implement a method of operation which was reasonably safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation;

(k)      Failing to promulgate and enforce appropriate safety rules;

(l)      Failing to verify that the subject excursion was safe, reliable, and properly insured;

(m)      Failing to exercise reasonable care for the safety of passengers, including Plaintiffs, participating in the subject excursion;

(n)      Failing to use safe equipment for the performance of the subject excursion;

(o)      Failing to properly maintain the equipment used for the subject excursion;

(p)      Failing to use reasonable care in the hiring, screening, training and monitoring of its employees and/or agents operating the subject excursion;

(q)      Failing to warn Plaintiffs about the hazardous nature of the subject excursion;

(r)      Failing to institute and carry out safety inspections and maintenance procedures to insure that the equipment used for the subject excursion was in good condition and otherwise safe;

(s)      Failing to exercise reasonable care in the operation of the subject excursion;

       (t)    Failing to utilize appropriate safety protocols, including but not limited to safety protocols as it relates to communication between the sending and receiving guides at each zip line station, to ensure the safety of all participants, including Plaintiffs, as follows:

          (i)    Ensuring proper communication between the sending and receiving guides to ensure that the line was clear prior to the next participant being released from the sending platform

          (ii)    Ensuring that appropriate language and/or signals were utilized every time prior to any participant being released from the sending platform;

       (u)    Failing to timely clear all participants from the receiving end of the zip line; and

       (v)    In other matters not yet known at the present time, but which will be uncovered in discovery.

       72.    At all times material hereto, Defendant Sky Safari failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure for the sending and receiving guides to communicate properly, the failure to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and the failure to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

73.     Defendant Sky Safari knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's catastrophic injuries, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Sky Safari, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

74.     Defendant, Sky Safari, through its employees, agents, and other authorized representatives, by failing to take basic safety precautions that could have prevented Kenneth Mabs' and Rick Michalson's severe and permanent injuries, including but not limited to, failing for the sending and receiving guides to communicate properly, failing to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and failing to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform, and Terry Mabs' and Catherine Bricker's resultant injury, acted with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

## COUNT III
## APPARENT AGENCY OR AGENCY BY ESTOPPEL – CELEBRITY CRUISES INC.

75.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 and 70 through 75 above as though fully set forth herein.

76.     Defendant Celebrity held out the owners and/or operators of the Sky Safari Zip Line Tour in St. Kitts as its apparent agent.  Defendant Celebrity represented to its cruise passengers, including, but not limited to the Plaintiffs, that the operator of the Sky Safari Zip Line Tour in St. Kitts excursion was acting for the benefit of Defendant Celebrity.  Included among these representations were the following:

(a)      Starting when Plaintiffs received their cruise tickets, Defendant Celebrity made known to its passengers with a series of internet, brochures and other media, all of which advertised the availability and safety of various Defendant Celebrity excursions, which were presented as an integral part of the cruise ship voyage.  These excursions were marketed as excursions which were not independent of Defendant Celebrity, and which were distinguished from other, allegedly less safe excursions, which were not Defendant Celebrity excursions.

(b)      Defendant Celebrity maintained a shore excursion desk manned by crewmembers onboard the GTS CELEBRITY SUMMIT which promoted, advertised, explained, coordinated and supervised its excursions, including the Sky Safari Zip Line Tour in St. Kitts;

(c)      Defendant Sky Safari was not identified as the owner/operator of the Sky Safari Zip Line Tour in St. Kitts excursion at any time when it was being marketed by Defendant Celebrity and purchased by its passengers, including the Plaintiffs herein;

(d)      The excursions, including the Sky Safari Zip Line Tour in St. Kitts excursion, were paid for by passengers by charging them to passengers' onboard accounts or through the passengers' accounts maintained with the cruise line website;

(e)      Defendant Celebrity required that Defendant Sky Safari personnel on the pier have and hold up a sign for Defendant Celebrity passengers, while cruise personnel were stationed at the foot of the pier and directed passengers toward the tour buses;

(f)      At all times material hereto, Defendant Celebrity is estopped from denying that Defendant Sky Safari was its agent or employee;

(g)     Defendant Celebrity is therefore legally responsible for the foregoing acts of negligence and gross negligence of Defendant Sky Safari set forth in Count II, including all subparts, which were a direct and proximate cause of the injuries of Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker.

77.     At all times material hereto, Defendant Sky Safari failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure for the sending and receiving guides to communicate properly, the failure to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and the failure to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

78.     Defendant Celebrity knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, accident, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Sky Safari, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

## COUNT IV
## ACTUAL AGENCY – CELEBRITY CRUISES INC.

79.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 and 70 through 75 above as though fully set forth herein.

80.     Defendant Celebrity acknowledged that Defendant Sky Safari acted for it as its agent, Defendant Sky Safari accepted said undertaking and Defendant Celebrity exercised or retained the right to exercise control of Defendant Sky Safari's actions.

81.     Upon information and belief, Defendant Sky Safari entered into a contract with Defendant Celebrity, which provides Defendant Celebrity with extensive control over the day to day operations of Defendant Sky Safari.

82.     Upon information and belief, the contract between Defendant Celebrity and Defendant Sky Safari imposes various insurance, safety and service standard obligations on Defendant Sky Safari spelled out in both the subject contract and other documents exchanged between the Defendants.

83.     Defendant Celebrity acted as principal to the owners and operators of Defendant Sky Safari, which was the actual agent of Defendant Celebrity, in connection with the performance of the Sky Safari Zip Line Tour in St. Kitts excursion.   Defendant Sky Safari acknowledged that status either directly or indirectly as the agent of Defendant Celebrity.

84.     Defendant Celebrity performed all billing, advertising, organizing and direction of its passengers to the Defendant Sky Safari excursions.   Thus, Defendant Celebrity is liable for the negligence of Defendant Sky Safari.

85.     Defendant Sky Safari owed a duty of reasonable care to the Plaintiffs as set forth in Count II of this Complaint, which it violated in the manner set forth in Count II, the allegations of which are incorporated herein by reference.

86.     At all times material hereto, Defendant Sky Safari was the agent of Defendant Celebrity in connection with the above described matters, and accordingly, Defendant Celebrity

is legally responsible for the above described acts of negligence and gross negligence of Defendant Sky Safari as set forth in Count II, including all subparts, which were a direct and proximate cause of the injuries to Plaintiffs.

87.     At all times material hereto, Defendant Sky Safari failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure for the sending and receiving guides to communicate properly, the failure to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and the failure to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

88.     Defendants knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

## COUNT V
## JOINT VENTURE – CELEBRITY and SKY SAFARI

89.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 75 above as though fully set forth herein.

90.      At all times material hereto, Defendant Celebrity and Defendant Sky Safari intended to form, and in fact engaged in, a joint venture to provide excursions to passengers

onboard Defendant Celebrity vessels, as evidenced by the total circumstances of the agreement and relationship between the parties.

91.    The provision of excursions at each port is a significant portion of the cruise as advertised, marketed and sold by Defendant Celebrity, and an integral part of its overall business plan.  In order to fulfill its business plan and to make each passenger's cruise meet the representations contained in the above described advertising and marketing, it was necessary for Defendant Celebrity to enter into a joint venture with tour operators, such as Defendant Sky Safari, in order to provide such excursions.

92.    As part of its joint venture, Defendant Celebrity set up, developed, arranged for, sponsored, recommended, marketed, set the pricing, directly sold, provided expert advice, made announcements, organized passengers, handled customer complaints and issued refunds, controlled, supervised and monitored the Sky Safari Zip Line Tour in St. Kitts excursion.

93.    As part of its joint venture, Defendant Sky Safari provided the personnel and equipment for the subject excursion for Defendant Celebrity's passengers and agreed to work jointly with Defendant Celebrity in its performance and operation.

94.    Defendant Celebrity, on behalf of the joint venture, charged and collected a fee from its passengers who utilized the excursion.  Upon information and belief, the fee was split between Defendant Celebrity and Defendant Sky Safari, so that each Defendant directly shared in the profits and losses of the joint venture.

95.    Since the port excursions are a critical part of Defendant Celebrity's business strategy, Defendant Celebrity would be required to either create or fully run the shore excursions itself or partner with local tour operators.   Therefore, by choosing this model,

Defendant Celebrity further benefited from the joint venture by not having to expend the money and other resources necessary to create its own excursions from scratch in each port.

96.     Both Defendant Celebrity and Defendant Sky Safari invested their time, money, effort, overhead, employees, operating costs, salaries and other resources into this joint venture and therefore each further would share in the losses of the joint venture, if it was not successful or profitable by losing these investments.   In addition, Defendant Celebrity would sustain additional losses if the joint venture was not successful by having to invest the money, resources, and time necessary to create a replacement shore excursion in St. Kitts, since the existence of this excursion was of significant importance to Defendant Celebrity's business model.

97.     In addition to sharing in the ticket sales generated by the joint venture, both Defendant Celebrity and Defendant Sky Safari also shared in the profits of the joint venture in that it increased the attraction and value of their overall products and services, thereby improving their overall business prospects and profits, while also helping in their efforts to expand their core business.   In the case of Defendant Celebrity, the success of this excursion increased its ability to attract passengers for its cruises.   In the case of Defendant Sky Safari, it increased its ability to successfully market its services to other cruise lines, hotels and other entities.

98.     Both Defendant Celebrity and Defendant Sky Safari had control over this joint venture.   Defendant Sky Safari had control over the day to day operation of the subject excursion through the use of its equipment and personnel.   Defendant Celebrity also maintained control over the day to day operation of the excursion in that it established standards, policies

and procedures to which it required Defendant Sky Safari to adhere regarding recruitment, hiring, qualifications and training of its personnel, the inspection, quality, maintenance and safety of its equipment, the retention of insurance and the manner of its operation of the subject excursion.  In addition, Defendant Celebrity retained the right and ability to terminate, suspend, or postpone excursions if Defendant Sky Safari did not comply with the standards which it established, and retained the authority to inspect and supervise all aspects of the operation of the subject excursion by Defendant Sky Safari.  Defendant Celebrity also maintained control over the arrangements for the scheduling, marketing, sales and refunds, as well as final authority over whether the excursion would be conducted, modified, cancelled or terminated at any time due to the existence of conditions which threatened the safety of its passengers.

99.     Upon information and belief, both Defendants maintained insurance for their activities in the performance of the joint venture.

100.    As a result of the above described facts, Defendant Celebrity and Defendant Sky Safari therefore:

(a)     Had a community of interest in the performance of the common purpose, that is, the sale and provision of the subject excursion to passengers for profit and to further benefit their business models;

(b)     Had a joint right to control with respect to the provision of the subject excursion to passengers onboard Defendant Celebrity's vessels;

(c)     Had a right to share in the profits; and

(d)     Had a duty to share in the losses which may have been sustained.

101.     As joint venturers, Defendant Celebrity and Defendant Sky Safari are liable for each other's actions and negligence.  As a result, Defendant Celebrity is liable for the negligent and grossly negligent conduct of Defendant Sky Safari as set forth in Count II and incorporated herein by reference, and Defendant Sky Safari is liable for the negligent conduct of Defendant Celebrity as set forth in Count I and incorporated herein by reference, which were a direct and proximate cause of the injuries to Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker.

102.     At all times material hereto, Defendant Sky Safari failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure for the sending and receiving guides to communicate properly, the failure to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and the failure to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

103.     Defendants knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, accident, and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

**COUNT VI –**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**
**(CELEBRITY CRUISES INC. and SKY SAFARI)**

104.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 75 as though fully set forth herein.

105.    Defendant Celebrity and Defendant Sky Safari entered into a contract in which Defendant Sky Safari provided various excursions for Defendant Celebrity's passengers, including the Sky Safari Zip Line Tour in St. Kitts excursion.

106.    Upon information and belief, this contract imposes various obligations upon Defendant Sky Safari intended for the benefit of passengers of Defendant Celebrity, including Plaintiffs, including, but not limited to, insurance, safety and service standard obligations, as well as the obligation to agree to jurisdiction for any litigation instituted by Defendant Celebrity's passengers against it for breach of the obligations which it owed under the contract or any other rules, regulations and standards promulgated by Defendant Celebrity.

107.    Defendant Safari breached this contract by failing to comply with its safety and service standard obligations imposed by Defendant Celebrity as described in detail in Count II, which is incorporated herein by reference.

108.    Defendant Celebrity breached the subject contract by failing to comply with its obligations to make sure that Defendant Sky Safari complied with its safety and service standard obligations in connection with the operation of the subject excursion as set forth in detail in Count I, which is incorporated herein by reference.

109.    The above described obligations under this contract, and the various standards and obligations incorporated into it by reference, were intended for the benefit and safety of the passengers of Defendant Celebrity, including the Plaintiffs.

110.    At all times material hereto, Defendant Sky Safari failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure for the sending and receiving guides to communicate properly, the failure to ensure that the zip line was clear before Plaintiff, Rick Michalson, was sent from the releasing platform, and the failure to timely clear Plaintiff, Kenneth Mabs, from the zip line at the receiving platform. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

111.    Defendant Celebrity knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, accident, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Sky Safari, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them.

## COUNT VIII
## STRICT LIABILITY (SKYLINE ZIPLINES)

112.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 as though fully set forth herein.

113.    Defendant Skyline Ziplines built, designed, manufactured, installed, and inspected, and offered training with respect to, the Sky Safari Zip Line Tour zip line course, including but not limited to the zip line harness, trolleys, and safety mechanisms for use on zipline, shore excursions operated by Defendants Celebrity and Sky Safari. This conduct includes, but is not limited to, the manufacture, design, installation, and maintenance of the "Skyline Trolley and Catch-Block System" that failed as described above.  Zip lining is an

36

ultrahazardous and inherently dangerous activity requiring the exercise of the highest standard of care in order to be engaged in safely.

114.    The Skyline Trolley and Catch-Block System on the De Boss zip line of the Sky Safari Zip Line Tour in St. Lucua, as designed, built, and maintained, is defective and unreasonably dangerous.  It failed to catch Plaintiff, Kenneth Mabs', trolley, leading to Plaintiff being propelled *back* out on the zip line and being completely helpless to avoid the resulting collision with Plaintiff Rick Michalson.

115.    The defect directly and proximately caused, and/or exacerbated, the injuries and damages suffered by Plaintiffs.

## COUNT IX
## NEGLIGENCE – SKYLINE ZIPLINES

116.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 as though fully set forth herein.

117.    Defendant Skyline Ziplines owed a duty to design, and supervise the construction, and specifically the design, manufacture, installation and/or maintenance of the Skyline Trolley and Catch-Block System, of the Sky Safari Zip Line Tour in St. Kitts in such a way that it, and was safe, and to warn of any defects.  This duty ran to the intended users of the Sky Safari Zip Line Tour in St. Kitts, including Plaintiffs.

118.    Moreover, Defendant Skyline Ziplines owed a duty to inspect the design, construction, maintenance, and operation of the Sky Safari Zip Line Tour in St. Kitts, specifically including the Skyline Trolley and Catch-Block System in the De Boss zip line, to determine whether it was free of defects, and to warn of any such defects.  This duty ran to the intended users of the Sky Safari Zip Line Tour in St. Kitts, including Plaintiffs.

119.    Defendant Skyline Ziplines breached these duties by failing to ensure that the Catch-Block was designed appropriately and/or was in working order. Defendant Skyline further breached these duties by failing to detect, identify, evaluate, and/or report the defects in the design, construction, maintenance, and operation of the Sky Safari Zip Line Tour in St. Kitts, or require that they be remedied or warnings be given, as part of any inspection of the Sky Safari Zip Line Tour in St. Kitts.

120.    As a direct and proximate result of Defendant Skyline Ziplines' negligence, Plaintiffs suffered injuries and damages as described above.

## COUNT VIII
## STRICT LIABILITY (SACRE-DAVEY ENGINEERING)

121.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 as though fully set forth herein.

122.    Defendant Sacre-Davey Engineering built, designed, manufactured, installed, and/or conducted feasibility studies with respect to, the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari. Zip lining is an ultrahazardous and inherently dangerous activity requiring the exercise of the highest standard of care in order to be engaged in safely.

123.    The braking system on the De Boss zip line of the Sky Safari Zip Line Tour in St. Lucua, as designed, built, and maintained, is defective and unreasonably dangerous.  It failed to catch Plaintiff, Kenneth Mabs', trolley, leading to Plaintiff being propelled *back* out on the zip line and being completely helpless to avoid the resulting collision with Plaintiff Rick Michalson.

124.    The defect directly and proximately caused, and/or exacerbated, the injuries and damages suffered by Plaintiffs.


## COUNT IX
## NEGLIGENCE/GROSS NEGLIGENCE – SACRE-DAVEY ENGINEERING

125.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 above as though fully set forth herein.

126.    At all times material hereto, Defendant Sacre-Davey Engineering built, designed, manufactured, installed, and/or conducted feasibility studies with respect to, the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

127.    Defendant Sacre-Davey Engineering owed a duty of reasonable care under the circumstances for the health, welfare and safety of those passengers of Defendant Celebrity participating in its excursion, such as Plaintiffs.

128.    On or about January 22, 2018, Defendant Sacre-Davey Engineering and/or its agents, servants, joint venturers, partners and/or employees, breached its duty to provide Plaintiffs, Kenneth Mabs and Rick Michalson, with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited:

(a)    Failing to provide a safe excursion;

(b)     Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

(c)     Failing to warn Plaintiffs of the dangers and obstacles that would be encountered during the subject excursion;

(d)     Failing to promulgate, enforce and/or follow adequate policies and procedures in connection with feasibility studies of the subject excursion to insure proper and safe equipment was used for the reasonably safe participation of all aspects of the subject excursion;

(e)     Failing to insure that properly trained and supervised persons operated the subject excursion;

(f)     Failing to conduct adequate feasibility studies;

(g)     Failing to implement a method of operation which was reasonably safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation;

(h)     Failing to promulgate and enforce appropriate safety rules;

(i)     Failing to verify that the subject excursion was safe, reliable, and properly insured;

(j)     In other matters not yet known at the present time, but which will be uncovered in discovery.

129.    At all times material hereto, Defendant Sacre-Davey Engineering failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly

warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure to ensure that the braking system on the zip-line Defendant Sacre-Davey Engineering assisted and/or built was appropriate and in reasonable working condition. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

130.    Defendant Sacre-Davey Engineering knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, accident, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Sky Safari, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them. Defendant, Sacre-Davey Engineering, through its employees, agents, and other authorized representatives, by failing to take basic safety precautions that could have prevented Kenneth Mabs' and Rick Michalson's severe and permanent injuries, acted with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

## COUNT X
## STRICT LIABILITY (FULTON ENGINEERING, LTD.)

131.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 as though fully set forth herein.

132.    Defendant Fulton Engineering, Ltd. built, designed, manufactured, installed, and inspected, and offered training with respect to, the Sky Safari Zip Line Tour zip line course, including but not limited to the zip line harness, trolleys, braking and safety mechanisms for use on zipline, shore excursions operated by Defendants Celebrity and Sky Safari. Zip lining is

an ultrahazardous and inherently dangerous activity requiring the exercise of the highest standard of care in order to be engaged in safely.

133.    The braking system on the De Boss zip line of the Sky Safari Zip Line Tour in St. Lucua, as designed, built, and maintained, is defective and unreasonably dangerous.  It failed to catch Plaintiff, Kenneth Mabs', trolley, leading to Plaintiff being propelled *back* out on the zip line and being completely helpless to avoid the resulting collision with Plaintiff Rick Michalson.

134.    The defect directly and proximately caused, and/or exacerbated, the injuries and damages suffered by Plaintiffs.

## COUNT XI
## NEGLIGENCE/GROSS NEGLIGENCE – FULTON ENGINEERING, LTD.

135.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63 above as though fully set forth herein.

136.    At all times material hereto, Defendant Fulton Engineering, Ltd. built, designed, manufactured, installed, and/or conducted feasibility studies with respect to, the Sky Safari Zip Line Tour zip line course in St. Kitts, including but not limited to the zip line harness, trolleys, braking and/or safety mechanisms for use on the zipline shore excursion operated by Defendants Celebrity and Sky Safari.

137.    Defendant Fulton Engineering, Ltd. owed a duty of reasonable care under the circumstances for the health, welfare and safety of those passengers of Defendant Celebrity participating in its excursion, such as Plaintiffs.

138.    On or about January 22, 2018, Defendant Fulton Engineering, Ltd. and/or its agents, servants, joint venturers, partners and/or employees, breached its duty to provide

Plaintiffs, Kenneth Mabs and Rick Michalson, with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited:

        (a)      Failing to provide a safe excursion;

        (b)      Failing to provide an excursion with proper and safe equipment and personnel, including medical/emergency equipment and personnel;

        (c)      Failing to warn Plaintiffs of the dangers and obstacles that would be encountered during the subject excursion;

        (d)      Failing to promulgate, enforce and/or follow adequate policies and procedures in connection with feasibility studies of the subject excursion to insure proper and safe equipment was used for the reasonably safe participation of all aspects of the subject excursion;

        (e)      Failing to insure that properly trained and supervised persons operated the subject excursion;

        (f)      Failing to conduct adequate feasibility studies;

        (g)      Failing to implement a method of operation which was reasonably safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation;

        (h)      Failing to promulgate and enforce appropriate safety rules;

        (i)      Failing to verify that the subject excursion was safe, reliable, and properly insured;

(j)     In other matters not yet known at the present time, but which will be uncovered in discovery.

139.    At all times material hereto, Defendant Fulton Engineering, Ltd. failed to determine the hazards that the subject excursion posed to Plaintiffs, Kenneth Mabs and Rick Michalson, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiffs of the hazards. These failures include, but are not limited to, the failure to ensure that the braking system on the zip-line Defendant Fulton Engineering, Ltd. assisted and/or built was appropriate and in reasonable working condition. All of the above directly and proximately caused Plaintiffs, Kenneth Mabs and Rick Michalson, to be severely and permanently injured as described above.

140.    Defendant Fulton Engineering, Ltd. knew of the foregoing conditions causing Plaintiffs, Kenneth Mabs' and Rick Michalson's, accident, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant Sky Safari, in the exercise of reasonable care under the circumstances, should have learned of them or corrected them. Defendant, Fulton, through its employees, agents, and other authorized representatives, by failing to take basic safety precautions that could have prevented Kenneth Mabs' and Rick Michalson's severe and permanent injuries, acted with gross negligence, meaning that their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

WHEREFORE, based on the causes of action set forth above, Plaintiffs, Kenneth Mabs and Terry Mabs, and Rick Michalson and Catherine Bricker, demand judgment against the Defendants, CELEBRITY CRUISES, INC., VACATION & TOUR CONSULTANTS (ST.

KITTS) LTD., d/b/a KANTOURS SKYLINE ZIPLINES LTD. SKY SAFARI TOURS, INC., SKYLINE ECO-ADVENTURES, LTD., SACRE CONSULTANTS d/b/a SACRE DAVEY ENGINEERING, and FULTON ENGINEERING, LTD., jointly and severally, for compensatory and punitive damages in an amount to be determined at trial by a jury, together with interest and costs, and such other and further relief as may seem just to the Court in the premises.

**Jury Demand**

Plaintiffs demand trial by jury on all claims triable by right of jury.

Dated: January 10, 2019.

Respectfully submitted,

*/s/ David P. Vitale Jr.*
JACK SCAROLA
Florida Bar No.: 169440
DAVID P. VITALE JR.
Florida Bar No.: 115179
Attorney E-Mail: jsx@searcylaw.com and dvitale@searcylaw.com
Primary E-Mail: _scarolateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9465
Attorneys for Plaintiffs